## O'KANE v. O'KANE.

### Opinion delivered February 8, 1915.

1. EQUITABLE WASTE—WHAT CONSTITUTES.—Equitable waste is defined as that which a prudent man would not do with his own property.

2. EQUITABLE WASTE—ORNAMENTAL TREES—RIGHT OF LIFE-TENANT TO CUT —INJUNCTION.—The life-tenant of an estate will be enjoined from committing equitable waste committed by cutting down trees on the estate, where the same have been reserved by the owner of the fee for ornament and use on a proposed building site.

Appeal from Franklin Chancery Court, Ozark District; *W. A. Falconer,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

Walter O'Kane instituted this action in the chancery court against Lizzie O'Kane to enjoin her from cutting and removing from a certain tract of land a walnut and pecan grove comprising between two and four acres. The facts are as follows:

In 1912 Lizzie O'Kane obtained a decree of divorce from Walter O'Kane. The latter owned at that time,

among other lands, a tract of bottom land comprising about 470 acres. When the decree of divorce was granted to Lizzie O'Kane under section 2684 of Kirby's Digest she was allotted four hundred acres of this land to hold during her natural life. The tract of land allotted to her bordered on the Arkansas River and next to the river there was a grove of pecan and walnut trees variously estimated at from two to four acres. Walter O'Kane inherited the land from his mother, and he wished to preserve this grove because it had been preserved by his ancestors for a building site and because he thought it added to the value of his inheritance. It had been determined in the lifetime of his mother that the trees should not be cut down and they had been carefully preserved ever since. The remainder of the four hundred acres was in cultivation. The rental value of the land was variously estimated at from seven to eight dollars per acre.

According to the testimony of several witnesses introduced by the plaintiff it was shown that it would not be good husbandry to cut down the trees, and that pecan and walnut trees were very scarce in that part of the country.

On the other hand, several witnesses were introduced by the defendant who testified that it would be more profitable to the land to cut down the trees than to let them remain standing.

The life expectancy of the defendant was thirty-five years. Other facts will be referred to in the opinion. The chancellor found the issues in favor of the defendant and dismissed the complaint for want of equity. The plaintiff has appealed.

*J. D. Benson, J. V. Bourland* and *J. D. Arbuckle,* for appellant.

It would be equitable waste to cut the grove of timber. 62 N. E. 210-213; 193 Ill. 372; 55 L. R. A. 701; 8 Am. & Eng. Decisions in Equity, 493; *Id.* 498. Equitable waste may result even where the tenant has a right at law to take timber, as where trees are being cut too

young, or are growing for ornament, for fruit, or building site, or the like. 6 Jur. N. S. 647; 113 Ga. 894; 193 Ill. 372; 101 Ill. App. 164.

A life-tenant can not cut growing timber, except so far as is necessary to the reasonable enjoyment of his estate, pursuant to good husbandry; and he will not be permitted to materially lessen the value of the inheritance. 95 Ark. 246; 129 S. W. 534; 63 Ark. 10; 37 S. W. 306; 37 L. R. A. (N. S.) 771; 4 Barb. (N. Y.) 109; 3 Wend. (N. Y.) 104; 20 Am. Dec. 667; 3 N. C. 110; 7 Gray (Mass.) 8; 66 Am. Dec. 450.

A widow has no right to cut trees growing upon the dower land except in so far as it may be necessary to the proper enjoyment of the life estate. 93 Ark. 353; 124 S. W. 758.

*Robert J. White,* for appellee.

The trees, as the evidence shows, had evidently matured, and were falling into decay to such an extent that twenty-one of the fifty trees were either dead or dying. Since it was entirely improbable that they would survive the life expectancy of the appellee, and be of use to the remainderman, it was not good husbandry to leave them standing.

The interest of the appellee here is not to be measured by the strict rules governing life-tenants created by deed or will; but it is in the nature of a dower interest which the law is zealous to protect in the interest of the widow's support and maintenance. 6 Yerger (Tenn.) 347; 93 Ark. 355; *Id.* 392.

A widow in possession of a dower estate is not guilty of waste in cutting timber which works no permanent injury to the estate in remainder. 33 S. W. 561; 63 Ark. 10; 37 S. W. 306; 40 Cyc. 501, 502; *Id.* 501-512, title ''Waste.''

The evidence wholly fails to show that the cutting of the timber would be equitable waste. 28 Am. & Eng. Enc. of L. 875-877.

HART, J., (after stating the facts). We are of the opinion that under the facts and circumstances in evi-

dence it would be equitable waste for the defendant to cut down the walnut and pecan trees.

(1)  Equitable waste has been defined to be "that which a prudent man would not do with his own property." Professor Pomeroy says that the cases of equitable waste are almost, if not exclusively, confined to the destruction or removal of buildings, the carrying away of the soil, the cutting of ornamental or sheltering trees and shrubs and the cutting of saplings and stripping the land of timber.

Continuing, the same author said:  " 'Ornamental' as applied to trees and shrubs in matters of equitable waste is a technical term," and he quoted with approval the following language from an opinion rendered by Lord Eldon:  "The question is not, whether the timber is or is not ornamental; but the fact to be determined is that it was planted for ornament; or, if not originally planted for ornament, was, as we express it, left standing for ornament by some person having the absolute power of disposition." Pomeroy's Equity Jurisprudence (3 ed.), vol. 5, § 490.

In the case of *Clement* v. *Wheeler*, 25 N. H. 361, the court said that a tenant for life will be enjoined from committing equitable waste by cutting timber planted and left standing for the shelter or ornament of a mansion house or grounds and that this principle has been extended from the ornament of a house to outhouses and grounds, and then to the vistas and avenues of the estate. See, also, *Alexander* v. *Fisher*, 7 Ala. 514.

The facts in the case before us show that all of the four hundred acre tract of land allotted to Mrs. O'Kane for her life was in cultivation except this small grove of walnut and pecan trees, that this grove was situated next to the river bank and had been reserved by the owners of the fee for the purpose of a building site; also that it had been reserved because of the fruit the trees might bear and for the purpose of ornament. The testimony shows that all the remainder of the estate had been cleared up and that this small grove of walnut and pecan trees

had been left by the owners in fee and that it was intended that the trees should never be cut down or destroyed.

(2)   Under these circumstances we think the case clearly falls within the definition of equitable waste and are of the opinion that the chancellor should have enjoined the defendant from cutting down the trees as prayed for by the plaintiff.

It follows that the decree will be reversed and the cause remanded with directions to the chancellor to enter a decree in accordance with this opinion.