### Clyde HACKETT et al *v.* FAIRFIELD COMMUNITIES LAND COMPANY

77-369                                    565 S.W. 2d 430

Opinion delivered May 15, 1978
(Division II)

*Francis T. Donovan,* for appellant.

*Warner & Smith,* for appellee.

CONLEY BYRD, Justice. Appellee Fairfield Communities Land Company, a cotenant, with an undivided one-half interest in a 220 acre tract, brought this action to enjoin appellant Clyde Hackett, a cotenant, from cutting the timber therefrom. The chancellor entered a temporary injunction which, after a hearing, was made permanent.

The record shows rather conclusively that appellant had commenced a "clear cutting" of the land at the time of the filing of the suit. The proof is also rather conclusive that the land is valuable to appellant for its production of timber. On the other hand appellee produced rather convincing proof that the highest and best use for the land is for residential development. For that purpose the 220 acres with the timber in place has a value of $500 per acre. Without the timber the

value of the land for residential development would not exceed $300 per acre. According to the testimony of George Fox, who qualified as an expert, the present value of the standing timber would not exceed $28,738. Thus, we see that appellant in removing $28,738.00 of timber would reduce the value of the 220 acres by $44,000.00.

From what we have shown by the record it at once becomes obvious that appellee does not have an adequate remedy at law — *i.e.* to recover one-half the value of the timber would not keep it from suffering damages by the removal thereof. See *O'Kane v. O'Kane,* 117 Ark. 33, 173 S.W. 821 (1915), where we pointed out that equitable waste is that which a prudent man would not do with his own property. Courts have consistently enjoined the committing of waste. It follows that the trial court properly enjoined appellant from cutting the timber for commercial harvest — *i.e.* appellee did not have an adequate remedy at law.

Appellant makes other contentions which we find to be without merit. One such contention has to do with the fact that appellee only had a contract for the purchase of its interest at the time of the temporary injunction. However, appellee had received its deeds by the time of the hearing. Other such contentions having no merit or not supported by a preponderance of the evidence are: (1) appellee does not have clean hands; (2) appellant has committed no waste, and (3) the equity should be balanced.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.